FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 06, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELISSA M.,<br><br>             Plaintiff,<br><br>   -vs-<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>             Defendant. | No. 2:22-CV-0181-WFN<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

      Pending before the Court are cross-motions for summary judgment. ECF Nos. 11, 12. Attorney Maren Bam represents Melissa M., and Special Assistant United States Attorney Katherine Watson represents the Commissioner of Social Security. After reviewing the administrative record and the briefs filed by the parties, the Court GRANTS Defendant's Motion for Summary Judgment and DENIES Plaintiff's Motion for Summary Judgment.

## JURISDICTION

      Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on December 17, 2019, Tr. 314–28, alleging disability since January 9, 2019, Tr. 329, 336, due to acid reflux, fibromyalgia, migraines, attention deficit disorder, depression, anxiety disorder, post-traumatic stress disorder, irritable bowel syndrome, heart problems, and bipolar disorder, Tr. 361. The applications were denied initially, Tr. 113–52, and on reconsideration, Tr. 153–96. Administrative Law Judge Elizabeth Watson held a hearing on May 11, 2021, Tr. 62–85, and issued an unfavorable decision on June 30, 2021, Tr. 38–52. Plaintiff requested review by the Appeals Council, and the

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

Appeals Council denied the request for review on June 1, 2022. Tr. 1–6. The ALJ's June 2021 decision became the Commissioner' final decision, which is appealable to the district court under 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 27, 2022. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1968. Tr. 115, 134. She was 50 years old as of her alleged onset date, Tr. 115, 134, and has a high school education, Tr. 67. She worked in retail at Walmart from 2009 to 2017. Tr. 50, 67–69, 347–49. Plaintiff says she was assigned to the jewelry and fitting-room departments after her physical ailments prevented her from continuing as a stock clerk, and that she was eventually terminated when migraines made her miss too much work. Tr. 69.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set

aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, she will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On June 30, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 38–52.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 41.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine with radiculopathy, restless leg syndrome, chronic obstructive pulmonary disease, migraine headaches, obstructive sleep apnea, hypertension, "status-post a cerebrovascular accident," depression, anxiety, personality disorder, and cannabis use disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 42–44.

    The ALJ found Plaintiff had the Residual Functional Capacity [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) where she can lift and/or carry up to twenty pounds occasionally and ten pounds frequently. She retains the ability to stand and/or walk for a total of six hours in an eight-hour workday, with normal breaks. She retains the ability to sit for six hours in an eight-hour workday, with normal breaks. She can frequently climb ramps or stairs. She can occasionally climb ladders, ropes, or scaffolds. She can frequently kneel, crouch, and crawl. She can occasionally stoop. She must avoid concentrated exposure to temperature extremes. She is limited to occasional, concentrated exposure to atmospheric conditions as defined in the Selected Characteristics of Occupations of the Dictionary of Occupational Titles. She must avoid concentrated exposure to workplace hazards such as unprotected heights and the operational control of moving machinery. She is limited to understanding and carry[ing] out simple instructions with a reasoning level of one or two. She is limited to occasional contact with the general public. She is limited to a work environment with few changes.

Tr. 44.

    At step four, the ALJ found Plaintiff was unable to perform past relevant work as a home attendant, cook helper, sales attendant, cashier, and stock clerk. Tr. 50.

    At step five, the ALJ found, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of marker, small products assembler, and electrical accessories assembler. Tr. 51.

    The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 51–52.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly evaluating the opinion of Andrew Tsoi, MD; and (2) improperly evaluating the opinion of R. Renee Eisenhauer, Ph.D. ECF No. 11 at 2.

**DISCUSSION**

Plaintiff alleges the ALJ erred by failing to properly consider and weigh opinion evidence. *Id.* at 7–14.

For claims filed on or after March 27, 2017, new regulations change the framework for how an ALJ weighs medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The ALJ no longer gives specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether it is from an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's specialization and relationship with the claimant, and other factors that may be relevant. *Id.* The regulations make clear that supportability and consistency are the most important factors, and the ALJ must articulate how she considered them. 20 C.F.R. § 404.1520c(b)(2). The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are defined in the regulations.
(1) *Supportability*. The more relevant the objective medical evidence and
supporting explanations presented by a medical source are to support his or
her medical opinion(s) or prior administrative medical finding(s), the more

ORDER GRANTING DEFENDANT'S MOTION . . . - 5

persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c).

The Ninth Circuit has held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

**(1) Andrew Tsoi, M.D.**

Dr. Tsoi examined Plaintiff and completed a Physical Function Evaluation form on February 4, 2020. Tr. 1179–87. He noted diagnoses of low back pain, atrial fibrillation, obesity, and high blood pressure, 1180, and opined Plaintiff would be limited to sedentary work for three months with available treatment. Tr. 1181.

The ALJ found Dr. Tsoi's opinion unpersuasive. Tr. 48–49. She noted that Gordon Hale, M.D., and Guillermo Rubio, M.D., opined Plaintiff could perform light work with some limitations, and explained that their opinions were well-supported by the record. Tr. 48. Dr. Tsoi's opinion, on the other hand, was not. *Id.* Studies and examination notes indicated Plaintiff could perform light work: she had normal gait and strength and there was no evidence of atrophy. *Id.* The ALJ also discounted Dr. Tsoi's opinion because he did not explain it and because "Dr. Tsoi did not have the opportunity to review and consider the entire medical record before forming his opinion." Tr. 48–49.

Plaintiff argues the ALJ did not adequately explain her consideration of the consistency factor. ECF No. 11 at 10. The Court disagrees. The ALJ discussed Dr. Hale's and Dr. Rubio's opinions that Plaintiff could perform light work, explained how those

ORDER GRANTING DEFENDANT'S MOTION . . . - 6

opinions were supported by the record, and, in the next paragraph, rejected Dr. Tsoi's contrary opinion. Tr. 48. It is clear from the written decision that the ALJ found Dr. Tsoi's opinion inconsistent with Dr. Hale's and Dr. Rubio's. *See id.*; *cf. Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). The ALJ was not required to use any specific verbal formula to explain that Dr. Tsoi's opinion was inconsistent with evidence from other medical sources. *See Magallanes*, 881 F.2d at 755. Because the ALJ's decision explains how Dr. Tsoi's opinion is inconsistent with evidence from other medical sources, the Court rejects Plaintiff's argument. *See id.*; *see also Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) ("Even when an agency 'explains its decision with less than ideal clarity,' we must uphold it 'if the agency's path may reasonably be discerned." (quoting *Alaska Dep't of Envtl. Conservation v. EPA,* 540 U.S. 461, 497 (2004))).

      Plaintiff also argues the ALJ erred because she did not explain *why* the record did not support Dr. Tsoi's opinion. ECF No. 11 at 11. But the ALJ discussed the record at length and explained why it was more consistent with the opinion that Plaintiff could do light work. Tr. 45–48. Plaintiff's migraines were well managed with medication. Tr 46. Examination notes showed Plaintiff's strength, mobility, range of motion, and body mechanics were all fairly normal and that they improved with physical therapy. *Id.* Likewise, Plaintiff's imaging results showed only minor abnormalities. Tr. 45–46. The ALJ also noted that Plaintiff's conservative treatment indicated her symptoms were not as severe as claimed. Tr. 46. The paragraph dedicated to Dr. Tsoi's opinion does not repeat this entire discussion, Tr. 48–49, but the ALJ's explanation is sufficient because her reasons are clear. *See Molina*, 674 F.3d at 1112.

      Similarly, Plaintiff argues the ALJ erred by ignoring evidence that supports Dr. Tsoi's opinion. ECF No. 11 at 12. Although Plaintiff concedes the ALJ discussed this evidence in her opinion, she argues the ALJ erred by "articulat[ing] no consideration of this probative evidence in her analysis of the consistency of the opinion[] of Dr. Tsoi." *Id.* But the ALJ thoroughly discussed this evidence and explained why it was more consistent with the opinion that Plaintiff could perform light work. Tr. 45–48. Because the ALJ

explained her consideration of the evidence, her articulation was sufficient. *See Molina*, 674 F.3d at 1112.

Finally, Plaintiff argues the evidence supported Dr. Tsoi's opinion. ECF No. 11 at 12. The Court rejects this argument. The ALJ's decision must be upheld because it is supported by substantial evidence, even if there is also evidence that would support a contrary conclusion. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2018).

Because the ALJ's decision to reject Dr. Tsoi's opinion was not error, it is affirmed.

Defendant also argues any error in rejecting Dr. Tsoi's opinion would have been harmless. ECF No. 12 at 8. The Court agrees. An error is harmless if "it is 'inconsequential to the ultimate nondisability determination.'" *Molina*, 674 F.3d at 1115 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)). Here, Dr. Tsoi opined Plaintiff's limitations would last only three months with available treatment. Tr. 1181. And claimants are only qualified for disability if their impairments are expected to last at least twelve months. 42 U.S.C. § 423(d)(1)(A); *Barnhart v. Walton*, 535 U.S. 212, 214, 221–22 (2002). Therefore, even if the ALJ had fully credited Dr. Tsoi's opinion, it could not have reasonably changed the ultimate nondisability determination. *See Molina*, 674 F.3d at 1115; *cf. Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

Plaintiff characterizes Defendant's harmlessness argument as a *post-hoc* rationalization and argues that the Court can only affirm the ALJ's decision based on reasons the ALJ supplied herself. ECF No. 14 at 2–3. Plaintiff's characterization is incorrect. The Court is not merely finding that an alternative rationale could have supported the ALJ's decision. The Court is finding that, even if Dr. Tsoi's opinion were credited as true, it could not have reasonably changed the ALJ's ultimate nondisability determination. Therefore, any error was harmless. *See Molina*, 674 F.3d at 1115; *cf. Stout*, 454 F.3d at 1056.

Plaintiff also argues mischaracterization of the record can never be harmless error, citing *Kristal A. v. Comm'r of Soc. Sec.*, No. C22-0453-SKV, 2022 WL 17818706, at *12 (W.D. Wash. Dec. 20, 2022). ECF No. 14 at 3–4. But the ALJ did not mischaracterize the

record. Plaintiff simply disagrees with the ALJ's characterization and argues the ALJ's reasoning was insufficient. Because the ALJ did not mischaracterize the record, the Court rejects Plaintiff's argument.

This conclusion is consistent with *Kristal A.*, 2022 WL 17818706. There, the ALJ improperly rejected opinions that, if credited, could have changed the ultimate nondisability determination. *See id.* at *10–12. Here, in contrast, Dr. Tsoi opined Plaintiff's limitations would last less than the twelve months required to qualify for disability. Tr. 1181; *cf. Molina*, 674 F.3d at 1115 ("[I]n each case we look at the record as a whole to determine whether the error alters the outcome of the case."). Because Plaintiff has not explained how crediting Dr. Tsoi's opinion could have altered the ALJ's ultimate determination, *see* ECF No. 14, the ALJ's decision is affirmed, *see Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").

**(2) R. Renee Eisenhauer, Ph.D.**

Dr. Eisenhauer reviewed Dr. Tsoi's report on February 5, 2020, Tr. 1177–93, and agreed Plaintiff would be limited to sedentary work, Tr. 1190. Dr. Eisenhauer expected Plaintiff's limitations to last nine months. Tr. 1188. The ALJ rejected Dr. Eisenhauer's opinion limiting Plaintiff to sedentary work because "it is outside her area of expertise," but gave no other reasons for doing so. Tr. 49.

Defendant concedes the ALJ erred by rejecting Dr. Eisenhauer's opinion without discussing consistency and supportability, but argues the error was harmless. ECF No. 12 at 8–9. The Court agrees. The ALJ's error was harmless for the same reason any error in rejecting Dr. Tsoi's opinion would have been harmless. Like Dr. Tsoi, Dr. Eisenhauer opined Plaintiff's limitations would last less than the twelve months necessary to qualify for disability. *See* 42 U.S.C. § 423(d)(1)(A); *Walton*, 535 U.S. at 214, 221–22. Because crediting Dr. Eisenhauer's opinion could not have reasonably changed the ALJ's ultimate nondisability determination, the error was harmless. *See Molina*, 674 F.3d at 1115; *cf. Stout*, 454 F.3d at 1056. Defendant argues the rejection of Dr. Eisenhauer's opinion is not

harmless for the same reasons Defendant argues the rejection of Dr. Tsoi's opinion is not harmless. ECF No. 14 at 2–4. The Court disagrees for the same reasons discussed above.

Because Plaintiff has not explained how crediting Dr. Eisenhauer's opinion could have altered the ALJ's ultimate determination, *see* ECF No. 14, the ALJ's decision is affirmed, *see Sanders*, 556 U.S. at 409.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error and is affirmed. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** this 6th day of April, 2023.

03-28-23

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE